

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MICHAEL GAFFNEY,

                         Plaintiff,

    -against-

MUHAMMAD ALI ENTERPRISES LLC;
AUTHENTIC BRANDS GROUP LLC; ROOTS OF,
INC., d/b/a ROOTS OF FIGHT; and DOES 1-10,

                        Defendants.
------------------------------------x

MEMORANDUM DECISION
AND ORDER

20 Civ. 7113 (GBD)(OTW)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Michael Gaffney brings this action against Defendants Muhammad Ali Enterprises LLC ("MAE"), Authentic Brands Group LLC ("Authentic"), Roots Of, Inc., and Does 1-10 alleging copyright infringement. Specifically, Plaintiff claims that Defendants continued to display three photographs he took of boxing legend Muhammad Ali on their social media pages after the expiration of a licensing agreement. Defendants MAE and Authentic move to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Notice of Mot. to Dismiss, ECF No. 21.) Defendants' motion to dismiss is DENIED to the extent it seeks to bar Plaintiff's claims on res judicata and statute of limitations grounds. Defendants' request to dismiss Plaintiff's demands for statutory damages and attorneys' fees is GRANTED.[1]

---

[1] Under 17 U.S.C. § 412, "a plaintiff may not recover statutory damages or attorney's fees for any infringement 'commenced' before the effective date of a copyright's registration." *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir. 2007). "[A] plaintiff may not recover statutory damages and attorney's fees for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration." *Id.* Conversely, a copyright owner may recovery statutory damages for post-registration acts of infringement if "the infringing activity ceased for an appreciable period of time." *Id.* Here, Plaintiff did not register the Subject Photographs with the

## I. RELEVANT FACTUAL BACKGROUND

In September 2018, Plaintiff filed a lawsuit against Defendants MAE and Authentic alleging copyright infringement stemming from Defendants use of multiple photographs belonging to Plaintiff after the expiration of a licensing agreement. *See Michael Gaffney v. Muhammad Ali Enterprises LLC, et al.*, No. 18-cv-8770 (the "First Action"). Plaintiff's Original Complaint in the First Action included a subset of three photographs—the subject of the instant action and thus referred to herein as the Subject Photographs—for which Plaintiff had not previously obtained copyright registration. (Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mot."), ECF No. 22, at 1; Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 16, at 2.) After filing the Original Complaint, Plaintiff registered the Subject Photographs with the Copyright Office on April 30, 2020. (Compl., ECF No. 1, ¶ 17.)

In the Rule 26(f) Report filed in the First Action, Plaintiff indicated that he anticipated amending his pleadings and Defendants represented that they intended to "seek sanctions in connection with Plaintiff's false allegations of copyright registration of the unregistered photographs and *voluntary dismissal* of claims that Plaintiff now acknowledges were frivolous." (ECF No.38, 18-cv-8770) (emphasis added.) Defendants did not oppose Plaintiff's request to amend the Original Complaint and stated their position "that the last day to amend the [Original] Complaint should be July 15, 2020." (*Id.*) On April 16, 2020, Magistrate Judge Wang—to whom the case was referred for general pretrial purposes—issued an order permitting Plaintiff to amend

---

Copyright Office until April 30, 2020 with an effective registration date of April 9, 2020. (Compl., ECF No. 1, ¶ 17.) Plaintiff's Complaint only alleges acts of pre-registration infringement and makes no mention of post-registration infringement. Thus, Plaintiff is precluded from seeking statutory damages and attorneys' fees. *Solid Oak Sketches, LLC v. 2K Games, Inc.*, 2016 WL 4126543, at *3 (S.D.N.Y. Aug. 2, 2016).

2

his complaint by July 15, 2020. (ECF No. 39, 18-cv-8770.) Plaintiff subsequently filed a First Amended Complaint on June 11, 2020. (ECF No. 48, 18-cv-8770.) With the consent of Defendants, Plaintiff filed a Second Amended Complaint on July 14, 2020. (ECF Nos. 57, 58, 18-cv-8770.) Each of these amended complaints removed claims related to the Subject Photographs.[2]

On September 1, 2020, having obtained copyright registrations and amended his complaint in the First Action to remove the Subject Photographs, Plaintiff then filed the instant action (the "Second Action") once again alleging that Defendants infringed his copyright in the Subject Photographs. (*See* ECF No. 1.)

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully;" stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[3]

---

[2] Plaintiff represents that the Subject Photographs were removed from the First Amended Complaint and Second Amended Complaint given the Supreme Court's holding in *Fourth Estate Public Benefit Corp. v. Wall-Street.com* that a copyright owner is required to obtain registrations for works before commencing copyright infringement actions. (Pl.'s Opp'n at 2.)

[3] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

### III. DEFENDANTS' MOTION TO DISMISS IS DENIED

Defendant asserts that Plaintiff's claims are barred by res judicata and the three-year statute of limitations applicable to copyright claims. (Defs.' Mot. at 5–11.)

#### A. Plaintiff's Claims Are Not Barred by Res Judicata

Defendants argue that Plaintiff's withdrawal of his claims arising from the allegedly infringing use of the Subject Photographs in the First Action operates as an adjudication on the merits under Federal Rule of Civil Procedure 41(b) and thus Plaintiff is barred by res judicata from asserting his claims again in this action. (Defs.' Mot. at 5–7.) Specifically, Defendants contend that because Plaintiff did not dismiss his claims via the procedures laid out in Federal Rule of Civil Procedure Rule 41(a) that the elimination of his claims was "plainly a 'dismissal not under' Rule 41 and consequently 'operates as an adjudication on the merits' under the express terms of Rule 41(b)." (*Id.* at 6.) This argument is unavailing.

Under the doctrine of res judicata, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Peters v. Timespan Commc'ns, Inc.*, 2000 WL 340900, at *4 (S.D.N.Y. Mar.

4

30, 2000). By its very terms a Rule 41(b) dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Harry v. Rodriguez*, 337 F. App'x 17, 17 (2d Cir. 2009).

Here, Plaintiff eliminated his copyright claims related to the Subject Photographs in the First Action by amending his complaint pursuant to Federal Rule of Civil Procedure 15(a). The Second Circuit has stated that "a district court may permit withdrawal of a claim under Rule 15 subject to the same standard of review as a withdrawal under Rule 41(a)." *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 n. 4 (2d Cir.1985). In practice this means that "a Rule 15(a) amendment eliminating a claim is the same as a Rule 41(a) voluntary dismissal of the claim."[4] *Chambers v. Time Warner, Inc.*, 2003 WL 1107790, at *2 (S.D.N.Y. Mar. 12, 2003). Thus, Plaintiff's elimination of some of his copyright infringement claims by amendment is akin to a voluntary dismissal under Rule 41(a). Because Plaintiff eliminated his claims arising from the Subject Photographs by amending his complaint prior to Defendants filing a responsive pleading (and with Defendants' consent) no prejudice attaches to the omission of those claims for the purpose of claim preclusion. 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & A. Benjamin Spence, Fed. Prac. & Proc. Civ. § 1479 (3d ed.)

**B. Plaintiff's Claims Are Not Barred by the Statute of Limitations.**

The Copyright Act dictates that a civil action for copyright infringement must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The Second Circuit follows the "discovery rule" under which "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748

---

[4] Defendants provide no case law to support their contention that a withdrawal of a claim by amendment under Rule 15(a) precludes those claims from being brought in a subsequent action. Indeed, Defendants do not seriously try to rebut the clear statements in *Wakefield* and *Chambers* and instead argue that prefatory language in *Chambers* cabins the effects of that case to its individual facts.

F.3d 120, 125 (2d Cir. 2014). Therefore, a copyright infringement claim accrues when a plaintiff discovers, or with due diligence should have discovered, the relevant infringement. *Id.* "The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." *Masi v. Moguldom Media Grp. LLC*, 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019).

Defendants argue that: (i) because the Plaintiff and Defendants had a prior licensing agreement in place, and because Plaintiff sent a "cease and desist letter" in March 2015, that Plaintiff "was on notice of the possibility of unauthorized online use of the Subject Photographs;" (ii) Plaintiff should have checked the public social media sites where the alleged infringement occurred because of his prior understanding that the Subject Photographs would be used online; and, (iii) the separate accrual rule does not apply. (Defs.' Mot. at 8–9.)

First, Defendants cite to no authority, and this Court is unaware of any, to support the contention that the existence of a prior licensing agreement gives a plaintiff actual knowledge of potentially infringing activity. While courts look to the relative sophistication of the parties to determine whether the copyright holder should have, with the exercise of due diligence, discovered an alleged infringement, Defendants do not point to any conduct, outside of having a prior licensing agreement, which would evidence that Plaintiff discovered or should have discovered the alleged infringement earlier than March 2018. *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 467 (S.D.N.Y. 2019). Defendants rely heavily on a "cease and desist" letter sent by Plaintiff (shortly after the expiration of the licensing agreement) to Authentic on March 4, 2015. (Defs.' Mot. at 8.) But the letter does not mention a single Subject Photograph (or any specific photograph at all) nor does it indicate that Plaintiff was aware of any infringing conduct. (*See* ECF No. 1-1, Ex. G.)

Second, "copyright owners do not have a general duty to police their copyrights." *PK Music Performance, Inc. v. Timberlake*, 2018 WL 4759737, at *8 (S.D.N.Y. Sept. 30, 2018). Defendants claim that that this is not a case where a "general duty" is being argued but seemingly, and again without citation, are asking this Court to create a duty for copyright holders to monitor their copyrights after the expiration of a valid licensing agreement. This is simply incorrect. *See Ranieri v. Adirondack Dev. Grp., LLC*, 164 F. Supp. 3d 305, 344 (N.D.N.Y. 2016) (holding that copyright holder has no duty to police public records or activities where defendant continued to use copyrighted designs after plaintiff had stated defendant could no longer use the designs and defendant had informed plaintiff that it would no longer use them.) Plaintiff here had no duty to monitor Defendants' conduct after the expiration of the licensing agreement to ensure that they were not continuing to use the Subject Photographs.

Finally, Defendants provide no reason not to apply the separate accrual rule.[5] Under the separate accrual rule, "when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete "claim" that "accrue[s]" at the time the wrong occurs." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014). The Complaint alleges that Plaintiff learned of Defendant's infringement of the Subject Photographs "in or about March 2018 when [Plaintiff] began to create a digital presence for his photographs and book." (Compl. ¶ 63.) The Complaint also adequately alleges separate infringing

---

[5] Defendants argue that alleged copyright violations that occurred during the three-year statute of limitations period occurred on "independent Fan Sites" and were not committed by MAE or Authentic. (Defs.' Mot. at 9–10.) To support this argument, Defendants submit a declaration from Authentic employee Adam Kronengold. The declaration is not properly before this Court on a 12(b)(6) motion to dismiss. *See Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) (stating that it is inappropriate for a district court to consider declaration not attached to the Complaint on a Rule 12(b)(6) motion to dismiss). Plaintiff's Complaint plausibly alleges that the social media sites at issue are "owned and operated by one or more of the Defendants." (Compl. ¶¶ 45–48.)

7

posts for each of the Subject Photographs that fall within the statute of limitations. (See ECF No. 1-1, Exs. H, I, J.)

Defendants, who bear the burden of proof when raising the statute of limitations as an affirmative defense, have failed to show that Plaintiff discovered or should have discovered the allegedly infringing conduct before March 2018. *PK Music Performance, Inc.*, 2018 WL 4759737, at *7. Accordingly, it is not "clear from the face of the complaint . . . that [P]laintiff's claims are barred as a matter of law," and there is "some doubt as to whether dismissal is warranted." *Id.* (internal quotation marks and citations omitted). Therefore, Defendants' motion to dismiss based on statute of limitations grounds is denied.

## IV. CONCLUSION

Defendants' motion to dismiss, (ECF No. 21), is DENIED. Defendant's request that Plaintiff's demands for statutory damages and attorneys' fees be stricken is GRANTED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
August 10, 2021

SO ORDERED.

GEORGE B. DANIELS
United States District Judge